## EX PARTE W. A. LAWRENCE.

No. 2872.    Decided January 20, 1904.

**Habeas Corpus—No Restraint.**

Unless relator is in fact illegally restrained of his liberty, the Court of Criminal Appeals has no jurisdiction to pass upon the case, although relator offered his person to the officer to be taken into custody, who refused to do so, with the intent and purpose of avoiding certain habeas corpus proceedings, then on appeal.

Appeal from a proceeding had on a trial of habeas corpus before Hon. M. B. Briggs, County Judge of Upshur County.

The appellant was arrested on the 5th day of January, 1904, in two cases on warrants issued on same day by the mayor of the town of Gilmer, Upshur County, Texas, charging appellant with unlawfully shooting guns in said town. On the same day relator sued out a writ of habeas corpus before the Hon. M. B. Briggs, county judge of said county. The writ was heard upon the 6th day of January, 1904, before said county judge, and he remanded the relator to the custody of the city marshal of said town, and relator gave notice of appeal and carried his case to the Court of Criminal Appeals, sitting at Dallas. In the meantime the said city marshal did not take the relator into actual custody and refused to do so, although relator made oath that he had presented his body to the said marshal to be taken in custody, and that the said marshal so refused with the intent and purpose of avoiding said habeas corpus proceedings then on appeal.

*F. J. Cord,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—This is an appeal from the overruling of the application for writ of habeas corpus in the lower court, relator being remanded to jail. The Assistant Attorney-General moves to dismiss this appeal on the ground that relator is not confined in jail nor has he been restrained of his liberty pending this appeal. Attached to the motion is the affidavit of Ben Davis, city marshal of Gilmer, dated January 11, 1904, to the effect that relator "is not in his custody, nor is he restrained of his liberty by him as city marshal, or by anyone else, either at said trial or at any time since said trial; and that he does not know where he is at this time but does know he is not restrained of his liberty on said charge, and his absence is without his consent or permission. And affiant further states that if the return as made out for him by defendant's attorneys on the writ of habeas corpus proceeding in the county court shows defendant Lawrence to be confined or restrained of his liberty at any time at or since the habeas corpus trial, said return is not true." Relator files an affidavit, dated January 13, substantially as follows: "That on this day he presented his body and person to Ben Davis, city marshal of Gilmer, for the purpose of delivering himself into the custody of said Ben Davis; whereupon said Ben Davis wholly declined to take the said Lawrence into his official custody and keeping, with the intent and purpose of avoiding a certain habeas corpus proceeding now on appeal from Upshur County to the Court of Criminal Appeals of Texas." This affidavit is also sworn to by R. S. Wallace and B. A. Ragland. It will be observed that the affidavit of the city marshal shows relator is not restrained by him; and the affidavit of relator merely shows he offered his person to the marshal on the 13th of January in order that he might be restrained, which was refused. The transcript was filed in this court on January 8th. Relator further states that this refusal was with the intent and purpose of avoiding a certain habeas corpus proceeding. Be the purpose of the marshal what it may, until relator is illegally restrained of his liberty this court has no jurisdiction to pass upon the case. The motion of the Assistant Attorney-General is accordingly sustained, and the appeal is dismissed.

*Dismissed.*